STATE OF NEBRASKA, APPELLEE, V. THEODORE
BLYTHMAN, APPELLANT.

267 N. W. 2d 525

Filed June 28, 1978. No. 41817.

Keith Bystrom and Scott P. Helvie, Lincoln County Public Defenders, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The defendant, Theodore Blythman, sought a hearing in the District Court for Lincoln County, Nebraska, to determine whether or not he was still a sexual sociopath, and whether he remains untreatable. The District Court overruled the defendant's motion for a hearing on those issues, and this appeal followed.

Some factual background is necessary. The defendant was born on March 3, 1950. He was first referred to a psychiatrist while he was in grade school. In 1963 he was convicted on a juvenile

charge for stabbing a girl at school and committed to the Boys Training School in Kearney. He remained at Kearney until 1964, when, at age 14, following an examination by the Nebraska Psychiatric Institute, he was transferred to the Lincoln Regional Center, an institution for the custody and treatment of mentally ill persons. The defendant received electro-shock therapy treatments, was placed on a behavioral modification program, and remained in the Lincoln Regional Center for a period of approximately 8 years, until he was discharged in August 1972. He was rehospitalized at the Hastings Regional Center from February through July 1973.

In March, 1974, the defendant was charged with fondling a girl under the age of 16 in violation of section 28-929 (2), R. R. S. 1943. The defendant pleaded guilty to the fondling charge in exchange for the dismissal of a charge of assault on an 8-year-old girl, which occurred on May 29, 1974.

The State then moved to proceed under the sexual sociopath statutes and two doctors were appointed by the District Court to examine the defendant. The doctors' reports reviewed the defendant's mental history and disclosed that his full scale I.Q. was 73. The psychiatrists' reports indicated reluctance to conclude that the defendant was a sexual sociopath. Dr. Najam concluded that defendant was a complex case of mental retardation, emotional deprivation, psychosis, and a mixture of sexually and aggressively deviant impulses. Although probable cause to believe that defendant was a sexual sociopath was present, in Dr. Najam's opinion the degree and complexity was of such nature that it was difficult to take a stand on any one position for legal purposes.

Dr. Wisman questioned whether defendant truly fell into the category of a sexual sociopath, but he had no question that defendant required continued commitment and supervision.

On the basis of these reports a hearing was held on

December 10, 1974. At the hearing Dr. Wisman reviewed his report and concluded that the defendant was a sexual sociopath. Dr. Najam had modified his opinion somewhat. He had placed the defendant on medication on October 25, 1974, and since that date defendant's condition had improved. Dr. Najam felt that because of the medication the defendant's psychosis was under control, but he conceded that there was a possibility, even under medication, that defendant might commit subsequent deviant acts.

At the conclusion of the hearing the District Court found the defendant to be a sexual sociopath and committed him to the Lincoln Regional Center for a period of not to exceed 90 days for observation and evaluation. On April 10, 1975, the matter came on before the District Court, jury trial having been waived. The report of Dr. Coates, a psychiatrist at the Lincoln Regional Center, concluded that the defendant was a sexual sociopath, and that he would not benefit by treatment at that facility. Dr. Anthony, a psychiatrist at the Lincoln Regional Center, testified that he had examined and observed the defendant; that he was a sexual sociopath; and that he would not benefit from further treatment.

On April 14, 1975, the District Court found beyond a reasonable doubt, from the evidence offered at the hearing, that the defendant was a sexual sociopath, and that he could not be benefited by treatment, and committed him to the Nebraska Penal and Correctional Complex for an indefinite period "until the courts have determined on appeal or review that he is not a sexual sociopath." No appeal was taken from that order.

On May 25, 1976, the defendant filed a motion for annual evaluation. The defendant's motion was sustained but the record does not reflect the results of the examination ordered.

On October 7, 1977, the defendant filed a motion

for a hearing to determine whether or not the defendant remained a sexual sociopath, and whether or not the defendant could be benefited by treatment. The motion alleged that Dr. A. T. Llana, a psychiatrist at the Nebraska Penal and Correctional Complex, had completed a psychological evaluation of the defendant and, in Dr. Llana's opinion, the defendant did not fit the category of a sexual sociopath, but was mentally ill, and was amenable to treatment, and that nothing further could be gained from placement in the Nebraska Penal and Correctional Complex. On the same date the defendant filed a motion for appointment of an independent psychiatric expert to conduct a psychiatric evaluation.

On October 31, 1977, the District Court heard defendant's motions. Reports of the Lincoln Regional Center and of Dr. Llana were received by the court. Following arguments of counsel, the District Court overruled defendant's motion for a hearing to determine whether or not the defendant remained a sexual sociopath, and whether or not the defendant could be benefited by treatment. No action was taken on defendant's motion for the appointment of an independent expert in view of the court's action on the motion for hearing. This appeal followed.

Upon the oral argument here the State concedes error in view of State v. Little, 199 Neb. 772, 261 N. W. 2d 847, decided January 18, 1978, and requests that we amplify the procedural requirements to be followed for annual evaluations and review of treatability, as well as the requirements for hearings on motions to determine whether a defendant is no longer a sexual sociopath, under the provisions of section 29-2906 (2), R. R. S. 1943.

It is important to note that hearings on the issue of whether or not the defendant is a sexual sociopath and hearings on the issue of whether or not the defendant can or cannot benefit by treatment involve

separate and distinct issues and rest on separate and distinct authorizations, although they may be considered together. A review of treatability may be initiated by the District Court under the annual evaluation procedures required by State v. Little, *supra*, without any motion for hearing, or it may be initiated in connection with a motion for a hearing made by a defendant under section 29-2906 (2), R. R. S. 1943.

We consider first the annual evaluation and review of treatability status of sexual sociopaths held in the Nebraska Penal and Correctional Complex as untreatable. Under the requirements of State v. Little, *supra*, the District Court is free to adopt procedures consistent with due process. Due process necessitates that the District Court, in initiating an annual evaluation and review of each sexual sociopath housed in the penal complex, should enter an order to the Nebraska Penal and Correctional Complex ordering that a psychiatric examination and evaluation of the untreatable sexual sociopath be made within a specified time, and that a written report thereof be delivered to the District Court. A copy of the order directing such examination and evaluation should be sent by regular United States mail to the untreatable sexual sociopath at the penal complex.

If the written reports of the psychiatric examination confirm that the sexual sociopath is, in the opinion of the reporting doctors, still untreatable, and the reports and any written response, if any, from the sexual sociopath show no facts which, if believed, would raise a reasonable doubt as to whether the treatable status of the sexual sociopath has changed, the District Court may summarily enter an order based on the psychiatric reports that the sexual sociopath remains untreatable and is to be retained in the penal complex. The essential findings of the written reports should be incorporated into the

order and the written reports made a part of the proceedings for purpose of review. A copy of the order should be mailed to the sexual sociopath.

If the written reports of an annual psychiatric examination and evaluation, or any response or showing by the sexual sociopath, show facts which, if true, raise a reasonable doubt as to whether the treatability status of the sexual sociopath is changed, then the District Court should promptly set the matter for hearing, and appoint counsel for the sexual sociopath if he cannot provide his own counsel, and upon application, designate a psychiatrist to make an evaluation on behalf of the sexual sociopath. The psychiatrist so designated shall be one who has not examined or evaluated the sexual sociopath within the 2 years immediately preceding the designation, and, if necessary, may be a private psychiatrist.

At the conclusion of the hearing on treatability, the court shall either find that the sexual sociopath remains untreatable and remand his custody to the Nebraska Penal and Correctional Complex until the next annual review, or find that he is now treatable, in which case the court shall direct that he be transferred from the Nebraska Penal and Correctional Complex to the appropriate regional center.

All orders determining the treatability status of a sexual sociopath entered after hearing or after summary review shall be considered final orders for purposes of appeal. A copy of such orders shall be mailed to the sexual sociopath.

We turn now to the consideration of the due process procedures required in connection with motions to determine whether the defendant is no longer a sexual sociopath, made under the provisions of section 29-2906 (2), R. R. S. 1943. In State v. Irwin, 191 Neb. 169, 214 N. W. 2d 595, this court said: "The question of whether he remains a sexual sociopath is subject to review at yearly intervals either on mo-

tion of the defendant or on the court's own motion. * * * This review under the provisions of the Act is subject to the same due process safeguards which pertain to the initial commitment."

A motion for a hearing to determine whether the defendant is no longer a sexual sociopath must allege facts which, if true, raise a reasonable doubt as to whether or not the defendant is still a sexual sociopath. A conclusory allegation that defendant is no longer a sexual sociopath, unsupported by facts, is insufficient. Upon the filing of a motion for hearing the District Court shall review the motion and the files and records of the defendant. If the motion and the files and records of the defendant show no facts which, if true, would raise a reasonable doubt as to whether the defendant is no longer a sexual sociopath, the District Court may summarily enter an order that the defendant remains a sexual sociopath and is to be retained in the appropriate facility. The court's findings should be incorporated into the order and a copy of the order mailed to the defendant.

If the motion for a hearing to determine whether the defendant is no longer a sexual sociopath alleges, or the files and records of the defendant show, facts which, if proved, raise a reasonable doubt as to whether or not the defendant is still a sexual sociopath, then the District Court should promptly set the matter for hearing and appoint counsel for the defendant if he cannot provide his own counsel, and upon application, designate a psychiatrist to make examination on behalf of the defendant. The psychiatrist so designated shall be one who has not examined or evaluated the defendant within the 2 years immediately preceding the designation, and, if necessary may be a private psychiatrist.

At the conclusion of the hearing a finding shall be made either that the defendant remains a sexual sociopath, in which case his custody shall be re-

manded to the appropriate facility, or that he is no longer a sexual sociopath, in which case the court shall proceed in accordance with the Sexual Sociopath Act. All orders determining the current status of a defendant as a sexual sociopath, whether entered after hearing or after summary review, shall be considered final orders for purposes of appeal. A copy of any such order shall be mailed to the defendant.

At a hearing to determine whether the defendant is no longer a sexual sociopath the defendant has the burden of going forward with the evidence and establishing a prima facie basis for relief. Due process, however, requires that once that burden has been met by the defendant, the burden to prove beyond a reasonable doubt that the defendant remains a sexual sociopath shifts to the State and remains on the State thereafter. See, In re Andrews, (Mass.), 334 N. E. 2d 15; State ex rel. Terry v. Schubert, 74 Wis. 2d 487, 247 N. W. 2d 109, and, on rehearing, modified at 84 Wis. 2d 693, 267 N. W. 2d 380.

The District Court may adopt any reasonable procedures to consolidate proceedings or hearings on the issue of whether or not the defendant is a sexual sociopath and on whether or not the defendant can benefit by treatment. Such issues should be treated in one proceeding where practicable.

In the case now before us, defendant's motion for a hearing to determine whether or not he remained a sexual sociopath and whether or not he could be benefited by treatment was supported by the report of a psychiatrist. That psychiatrist was of the opinion that the defendant was not a sexual sociopath but was mentally ill, and a suitable candidate for mental commitment. The psychiatrist was also of the opinion that the defendant was amenable to treatment for the mental illness although further confinement was required.

The definitions of "sexual offense" and "sexual sociopath" are set out in section 29-2901, R. R. S. 1943. The first sentence of the psychiatrist's diagnosis and recommendations stated: "This patient does not fit the category of a sexual sociopath definition since he does not derive sexual excitement during and after the commission of the offense nor was his behavior or action motivated by sexual excitement." The State takes the position that the psychiatrist's report is an attempt to reopen the original determination of April 14, 1975, that the defendant was a sexual sociopath. We disagree.

Obviously a motion for a hearing as to whether a defendant is no longer a sexual sociopath is concerned only with the current condition of the defendant. The fact that some of the reasons which may support a psychiatrist's opinion as to present condition might also have been applicable earlier is irrelevant. The original finding that a defendant was then a sexual sociopath is final until changed, and the only issue in any subsequent hearing is whether a defendant is currently a sexual sociopath. The same is true on the issue of treatability.

In this case the facts alleged in the motion, if true, raise a reasonable doubt as to whether or not the defendant is still a sexual sociopath and as to whether or not his condition is now treatable. On both issues the motion establishes probable cause to hold a hearing within the meaning of the Sexual Sociopath Act. On the facts here the District Court should have granted a hearing on both the issue of whether or not the defendant is now a sexual sociopath and whether or not he is now treatable. The judgment is reversed and the cause is remanded to the District Court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

BOSLAUGH, J., concurs in the result.